UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES f/b/o AHA INT/EXTERIOR CONTRACTING,<br><br>  Plaintiff<br><br>v.<br><br>DIVIRSUS, LLC,<br><br>  Defendant | No. 2:15-cv-14-JAW |

### MEMORANDUM DECISION ON MOTION FOR JOINDER

  The defendant seeks leave to join Adam Allain as a counterclaim defendant in this action arising out of a construction contract. Defendant's Motion for Joinder ("Motion") (ECF No. 11). I deny the motion.

  According to the defendant, Adam Allain is the "principal member/officer of" the corporate plaintiff. *Id*. at 2. The defendant wishes to add him as a counterclaim defendant because he was "personally responsible for the contents of" allegedly false invoices presented to the defendant by the plaintiff. *Id.* The plaintiff opposes the motion, asserting that Allain is not a proper party solely by reason of his position with the corporate plaintiff and that the claim of fraud against him is not pleaded with the requisite particularity. Plaintiff's Objection to Motion for Joinder ("Opposition") (ECF No. 14) at 1-2.

  The defendant rejoins that it does not seek to hold Allain responsible for torts committed by the corporate plaintiff, but only to the extent that he personally participated in committing the torts. Reply in Support of Defendant's Motion for Joinder ("Reply") (ECF No. 16) at 1-2. Such

a claim is cognizable under Maine law.  *Advanced Constr. Corp. v. Pilecki*, 2006 ME 84, ¶ 13, 901 A.2d 189, 195.  However, the defendant also says that "the claims that [it] wishes to assert against Mr. Allain are identical to those asserted against AHA."  Motion at 2.

These two statements are potentially contradictory.  This lack of clarity is compounded by the absence of the defendant's proposed amended counterclaim, which has not been submitted to the court.  Some of the claims in the existing counterclaim cannot be asserted, in identical terms, against an individual defendant.  To rule on this motion with only the information provided by the parties would be to engage in speculation, which is inappropriate for any court.  On the showing made, the motion must be denied.  *See, e.g., Mitchell v. Liberty*, No CV-08-341-B-W, 2009 WL 294701, at *2 (D. Me. Feb. 5, 2009).

For the foregoing reasons, the motion is **DENIED** without prejudice; it may be resubmitted in more appropriate form.

## *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 21st day of July, 2015.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge